| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XII | | |
| EDWIN ALONSO RODRÍGUEZ Y OTROS<br><br>Recurrida<br><br><br>V.<br><br>DEBBIE ALONSO RODRÍGUEZ Y OTROS<br><br>Peticionario | KLCE202500618 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ202301690<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de julio de 2025.

La peticionaria, señora Debbie Alonso Rodríguez solicita que revisemos la denegatoria del Tribunal de Primera Instancia a dictar sentencia sumaria a su favor.

El recurrido, señor Edwin Alonso Rodriguez presentó su oposición al recurso.

**I**

Los hechos procesales esenciales para atender y resolver este recurso son los siguientes:

El recurrido presentó una demanda contra la parte peticionaria en la que solicitó la liquidación de la comunidad de bienes post gananciales y la partición de herencia de sus progenitores. El señor Edwin Alonso Rodriguez compareció como albacea de la sucesión de su difunto padre, Santos Alonso Maldonado. La señora Debbie Alonso Rodríguez compareció como albacea de la sucesión de su madre, Iris María Rodríguez Rosa.

La peticionaria solicitó al tribunal que dictara una sentencia sumaria parcial enmendada, reconociendo su derecho a administrar y manejar el 50% de las acciones de las corporaciones del caudal hereditario de su madre.[1] Su representación legal argumentó que ambas partes reconocieron que el matrimonio de los causantes se rigió bajo el régimen económico de sociedad legal de gananciales. La peticionaria alegó que durante el matrimonio hicieron compras e inversiones y crearon sociedades, corporaciones y compañías con dinero ganancial, que pertenecen a ambos cónyuges en partes iguales. La señora Alonso Rodríguez insistió en el carácter ganancial de las acciones e intereses de las corporaciones formadas durante la vigencia del matrimonio. La peticionaria adujo que el 50% de las acciones e intereses de todas las empresas pertenecen a la causante. Fue enfática en reclamar su derecho como albacea a administrar y custodiar las acciones pertenecientes a la causante, Iris María Rodríguez Rosa. La peticionaria pidió que se determinaran los siguientes hechos:

1. Los bienes que componen los caudales hereditarios de Doña Iris y Don Santos eran de naturaleza ganancial y por consiguiente, Doña Iris, como miembro de la Sociedad Legal de Gananciales, compuesta por ella y Don Santos, poseía y era la dueña del 50% de los activos de dicha sociedad en común proindiviso con Don Santos.

2. El 50% de la totalidad de ambos caudales pertenece al caudal de Doña Iris.

3. Doña Iris era la dueña y propietaria del 50% de todas las acciones e intereses sobre todas las Empresas y entidades que fueron fundadas en vida por ella, por Don Santos y, o por ambos, que se describen en el párrafo núm. 21 de la Sección IV de este escrito.

Por su parte, el recurrido se opuso a la moción de sentencia sumaria porque era prematura. Su representación legal alegó que la peticionaria pretendía omitir todos los pasos previos a la división de la sociedad legal de gananciales y que el descubrimiento de prueba

---

[1] Véase apéndice del recurso, página 217.

no había finalizado. El recurrido adujo que era necesario dividir la comunidad post ganancial, antes de adjudicar derechos sobre los caudales hereditarios. Además, argumentó que existía controversia de hechos, porque no se tenía conocimiento sobre el inventario, avalúo, los abonos de reintegro y recompensas y si procedía alguna compensación entre cónyuges. Por último, adujo que tampoco se habían liquidado las cargas y advirtió que la presunción de ganancial era rebatible.[2]

El TPI ordenó a la peticionaria a replicar únicamente sobre los hechos propuestos por el recurrido como incontrovertidos en el inciso VI de la Oposición a la moción de sentencia sumaria. La peticionaria respondió que no tenía objeción a que se tomaran como ciertos los hechos propuestos por la demandante en la Parte VI de la oposición y reiteró todos sus argumentos a favor de la sentencia sumaria.[3]

El foro recurrido denegó la moción de sentencia sumaria, porque la peticionaria pretendía llegar al resultado sin seguir el procedimiento. El TPI primario redujo la controversia a determinar, si era correcto adjudicar los bienes específicos del caudal de Doña Iris, a pesar de que son parte de la comunidad post ganancial sin llevar a cabo la liquidación previa. El foro primario determinó probados los hechos propuestos en la oposición a la sentencia sumaria, debido a la anuencia de la peticionaria. Concluyo que no podía determinar el por ciento de las acciones corporativas correspondientes a cada uno de los causantes, sin antes liquidar la sociedad legal de gananciales. Además, enfatizó que el descubrimiento de prueba tampoco había culminado. El TPI determinó que el caudal hereditario de Doña Iris no podía liquidarse,

---

[2] Véase apéndice del recurso, página 7.
[3] Véase SUMAC, entrada número 102.

sin antes liquidar la sociedad legal de gananciales. Según el foro, la adjudicación de bienes específicos de la comunidad post ganancial era imposible, porque los bienes de ambos causantes forman parte de una masa común. Además, advirtió que cada caudal estaba compuesto por una masa abstracta y por bienes privativos. Por último, enfatizó que la presunción de que los bienes del matrimonio son gananciales admite prueba en contrario.

Así concluyo que antes de adjudicar los bienes de la causante, era necesario:

1. dividir la comunidad de bienes post gananciales nacida en el momento de la muerte de la señora Rodríguez,

2. realizar un inventario del caudal hereditario de la señora Rodríguez, luego de adjudicar los bienes que le corresponden y,

3. liquidar el caudal hereditario de la señora Rodríguez entre los legitimarios.

La peticionaria solicitó al TPI que reconsidera la decisión y emitiera determinaciones de hecho adicionales. El TPI denegó su solicitud por lo que inconforme, presentó este recurso donde alega que:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR SIN LUGAR LA MOCION DE SENTENCIA SUMARIA PARCIAL PRESENTADA POR LA DEMANDADA PETICIONARIA; A PESAR DE QUE NO EXISTE CONTROVERSIA NI HECHOS NI DERECHO CON RESPECTO A QUE LOS BIENES, EMPRESAS Y NEGOCIOS ADQUIRIDOS O ESTABLECIDOS DURANTE EL MATRIMONIO ALONSO RODRIGUEZ ERAN GANANCIALES.

### El certiorari

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local, definió el certiorari como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las

determinaciones del tribunal recurrido. La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). La característica principal del certiorari es la discreción que tiene el tribunal para atenderlo. Ahora bien la discreción no es irrestricta, esta ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1 el recurso de certiorari solamente será expedido:

> ....
> [para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

A fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su reglamento, 4 LPRA LPRA Ap. XXII-B, establece los criterios que debería considerar para

determinar si procede la expedición de un auto de certiorari. El texto de la regla citada es el siguiente.

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El permitir recurrir de diversas resoluciones no abona al desenvolvimiento lógico y funcional de los casos, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). La denegatoria a expedir un auto de certiorari no constituye una adjudicación en los méritos. Por el contrario, es el ejercicio discrecional que hace el foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**II**

La peticionaria solicita que revisemos la denegatoria del Tribunal de Primera Instancia a dictar sentencia sumaria a su favor. La Regla 52.1, *supra,* nos autoriza a intervenir, porque se solicita revisión de la denegatoria de una moción de carácter dispositivo. Sin embargo, las circunstancias particulares de este caso no ameritan

nuestra intervención con la decisión del foro primario en esta etapa procesal.

**III**

Por lo que se deniega el recurso de certiorari.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones